United States District Court
Southern District of Texas
**ENTERED**
October 12, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ROBERTO SCOTT GONZALEZ, §<br>Petitioner §<br>§<br>v. §<br>§<br>§<br>§<br>UNITED STATES OF AMERICA, §<br>Respondent § | Civil Action No. 1:22-cv-123 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Roberto Scott Gonzalez's "Motion Pursuant to 28 U.S.C. § 2255" (hereinafter, Gonzalez's "Motion" or "§ 2255 Motion"). Dkt. No. 1. The Government has filed a "Motion to Dismiss" (hereinafter, the Government's "Motion" or "Motion to Dismiss"), which argues that Gonzalez's claims are barred and meritless. Dkt. No. 5. For the foregoing reasons, it is recommended that the Court: (1) **GRANT** the Government's Motion; (2) **DISMISS** Gonzalez's § 2255 Motion; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.   Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2255.

### II.   Background and Procedural History

On August 13, 2001, Gonzalez pleaded guilty to criminal possession with intent to distribute a quantity less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2.  *See United States of America v. Roberto Scott*

*Gonzalez*, No. 1:01-cr-390-1, CR Dkt. Nos. 7, 14 at 1.[1] On November 19, 2001, Senior United States District Judge Hilda G. Tagle sentenced Gonzalez to 15 months of imprisonment, three years of supervised release, and a $100.00 special assessment. CR Dkt. No. 13. Judgment was entered on December 5, 2001. CR Dkt. No. 14. Gonzalez did not file a direct appeal.

On April 25, 2013, Gonzalez filed a 28 U.S.C. § 2255 Motion (hereinafter, Gonzalez's "First Motion"), wherein he argued that his conviction and sentence should be vacated because his trial counsel provided him with ineffective assistance. CR Dkt. No. 19. Additionally, he argued that the arresting agent lacked probable cause, other agents forced him to give the locations of stash houses, the federal government denied him a sentence of probation due to a "false state warrant" for the pending state charges, and his state custody violated the Interstate Agreement on Detainers Act. CR Dkt. No. 19. The Court dismissed Gonzalez's First Motion as untimely pursuant to 28 U.S.C. § 2255(f) on October 10, 2013. CR Dkt. No. 24.

Gonzalez filed his instant § 2255 Motion on September 12, 2022. Dkt. No. 1. Gonzalez's Motion attacks the same judgment of conviction and sentence as his First Motion. *See id.* at 1 (challenging *United States of America v. Roberto Scott Gonzalez*, No. 1:01-cr-390-1). In his instant Motion, Gonzalez claims that he is entitled to § 2255 relief because his state warrant for murder charge lacked probable cause and interfered with his federal trial, his extradition to state custody violated the Constitution, and his counsel provided him ineffective assistance. *Id.*

---

[1] Hereinafter, Gonzalez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court lacked jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is very limited and is reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must demonstrate that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2244(b), makes it "significantly harder for prisoners filing second or successive federal habeas applications" to obtain merits review of their claims. *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). Prior to filing a second or successive application in a federal district court, the applicant must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Pursuant to § 2255(h), a petitioner bringing a successive § 2255 motion will not be granted permission to proceed at the district court level unless a panel of the appropriate court of appeals finds that the petition raises:

> (1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

3

> that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A petitioner's failure to obtain authorization under § 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition". *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

As previously stated, the Court dismissed Gonzalez's First Motion as untimely pursuant to 28 U.S.C. § 2255(f) on October 10, 2013. CR Dkt. No. 24. Gonzalez then filed his instant § 2255 Motion on September 12, 2022. Dkt. No. 1. Gonzalez's Motion, filed nearly nine years later, attacks the same judgment of conviction and sentence as his First Motion. *See id.* at 1 (challenging *United States of America v. Roberto Scott Gonzalez*, No. 1:01-cr-390-1).

Gonzalez's § 2255 Motion clearly must be characterized as successive. Accordingly, he was required to obtain authorization to proceed from the Fifth Circuit prior to filing his Motion here. The record contains no evidence indicating that Gonzalez has done so, or that the required authorization has been granted. As such, this Court lacks jurisdiction to entertain his § 2255 Motion. The Court, then, should dismiss Gonzalez's Motion.

### V. <u>Certificate of Appealability</u>

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

4

*McDaniel*, 529 U.S. 473, 475 (2000) (internal citations omitted). Stated another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Gonzalez has not made a substantial showing of the denial of a constitutional right.

## VI.  <u>Recommendation</u>

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** the Government's Motion; (2) **DISMISS** Gonzalez's § 2255 Motion; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VII.  <u>Notice to Parties</u>

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **12th** day of **October, 2022**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**